# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-4144
_____

MID FLORIDA COMMUNITY
SERVICES, INC.,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____

On appeal from an order of the Department of Children and Families.

October 30, 2019

PER CURIAM.

This is an appeal from a final order of the Department of Children and Families ("DCF") concluding that Mid Florida Community Services, Inc. ("Mid Florida") is required to obtain a child care license for each of its five Head Start ESE Blended Classrooms operated pursuant to a cooperative agreement with the Volusia County School District ("VCS"). Because the blended classroom sites were entitled to an exemption from licensure under sections 402.302(2) and 402.3025(1), Florida Statutes (2017), we reverse.

# I.

Mid Florida is a private, not-for-profit Florida corporation operating a variety of social service and early education programs, including twenty "Head Start" programs in Hernando, Sumter, and Volusia counties.

In 2010, VCS entered into a cooperative agreement with Mid Florida to create Head Start "blended classrooms." The blended classrooms were created to help VCS meet state standards for serving pre-kindergarten aged students with disabilities in its district. VCS served those students by placing them in "blended" environments with typically developing peers. The Head Start ESE Blended Classrooms consist of eight ESE students enrolled as VCS students and ten non-ESE typically developing peers that are not VCS students but are eligible to enroll in a Head Start program.

The cooperative agreement states in part:

The joint programs authorized by this Agreement constitute integral programs of the School Board of Volusia County for purposes of section 402.302(2), Florida Statutes for the following reasons:

a. District teachers and paraprofessionals work directly in this joint program with students enrolled in the District. Head Start staff participating in the program are funded by [Mid Florida].

b. This joint program operates only on school campuses owned, operated and exclusively paid for by the District;

c. This joint program takes place on school campuses which are exclusively administered and managed by school administrators of the District;

d. This joint program is among the program options offered by the District to its students; and

2

e. The District has exclusive control over the curriculum offered to students in this joint program.

In 2017, in response to an inquiry from Mid Florida to DCF regarding the need for licensure of one of its relocated Head Start classrooms,[1] DCF issued a "Determination Letter" concluding that eighteen of Mid Florida's Head Start classrooms, located in three different counties, were subject to licensure as child care facilities. All but five of the eighteen sites identified were already validly licensed.[2] The five sites that were not licensed are the five VCS Head Start ESE blended classrooms at issue in this case.

Mid Florida contested DCF's determination regarding the five Head Start ESE blended classrooms through a formal administrative hearing. The testimony at the hearing established that the blended classrooms were created to serve the needs of pre-kindergarten students in the district. VCS determines whether a Head Start blended classroom is needed at a particular school by assessing how many children in the area would benefit from those services. The decision whether to have a blended classroom program is made annually. The blended classrooms are in VCS schools and use VCS's calendar. VCS has "exclusive control" over the curriculum offered in the blended classrooms. Each classroom has one VCS teacher and one VCS teaching assistant, and one Mid Florida teacher and one Mid Florida assistant. The teachers work cooperatively to teach all the children and there is no segregation of ESE and non-ESE students in the classroom. The principal of the school where the classroom is located has final say concerning discipline of all students in the classroom. The classrooms also follow VCS guidelines on visitors. It is the Head Start (Mid Florida) teacher's responsibility to cover any additional education requirements that go above what VCS is required to provide. All Mid Florida employees working in the blended classrooms are

_____

[1] The inquiry concerned a Head Start classroom that was not a blended classroom and was not a part of the cooperative agreement with VCS.

[2] In the licensed Head Start programs run by Mid Florida there were no public-school teachers in the classroom. Those programs were run entirely by Mid Florida.

3

required to be vetted and screened by VCS. The blended classrooms are subject to Department of Education standards and required performance and learning outcomes. VCS is responsible for the cost of feeding the eight ESE students while Mid Florida is responsible for the cost of feeding the ten non-ESE students in compliance with Head Start requirements. VCS provides funding for the ESE children enrolled in the blended classrooms, and Mid Florida provides the funding for the Mid Florida teacher and teacher's assistant.

The administrative law judge's recommended order concluded that the five blended classrooms sites are "integral programs" of VCS and are "directly operated and staffed" by VCS. As such, the judge held that the blended classroom sites are entitled to an exemption from licensure as childcare facilities under section 402.302(2).

The agency's final order granted most of DCF's exceptions to the recommended order and ultimately concluded that the blended classroom sites must be licensed as childcare facilities. The final order rejected the administrative law judge's determination that the blended classrooms are integral programs of VCS, concluding that the programs are not "operated and staffed directly" by VCS. The order reasoned that Mid Florida provides a teacher and paraprofessional who have primary supervision and "program responsibility" for the Head-Start-only students. Further, reasoned DCF, the Head-Start-only students rely on Mid Florida for food, transportation, and to ensure that their educational needs are met. Finally, DCF noted that VCS does not take attendance of the Head-Start-only students. This appeal followed.

II.

Chapter 402, Florida Statutes, requires DCF to license childcare facilities. A childcare facility is defined as "any child care center or child care arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care, wherever operated, and whether or not operated for profit." § 402.302(2), Fla. Stat. Section 402.302(2)(a) excludes from that

4

definition: "Public schools . . . and their integral programs, except as provided in s. 402.3025."

Section 402.3025 provides exemptions from licensure as a child care facility. In relevant part, the statute provides as follows:

(1) Public Schools.—

(a) The following programs for children **shall not be deemed to be child care** and shall not be subject to the provisions of ss. 402.301-402.319:

. . .

2. Programs for children who are at least 3 years of age, but who are under 5 years of age, **provided the programs are operated and staffed directly by the schools** and provided the programs meet age-appropriate standards as adopted by the State Board of Education.

(emphasis added).

Mid Florida argues, in part, that DCF's interpretation of the phrase "operated and staffed directly by the schools" as used in section 402.3025(1)(a)2. erroneously limited the exemption to programs operated and staffed *exclusively* by the schools. We agree. The fact that Mid Florida may supervise and have some level of responsibility for the non-ESE, non-VCS students does not mean that the blended programs are not operated and staffed *directly* by VCS. DCF recognized, and the undisputed evidence shows, that "Mid Florida uses the VCS curriculum, has a VCS teacher and paraprofessional assigned to the classrooms, [and] follows VCS instructional discussion, and the health services policies." VCS is responsible for ensuring that state educational standards are met and has final authority over the operations, policies, and practices implemented in these classes. In fact, the blended programs would not even exist unless VCS determined there was a need for them to serve VCS's pre-kindergarten children with learning disabilities.

For these reasons, the blended classes are also integral to VCS as recognized in the VCS cooperative agreement with Mid Florida. As the administrative law judge found, based on competent substantial evidence in the record, the purpose of the partnership between Mid Florida and VCS is "to provide services to VCS. . . necessary for VCS pre-K children with disabilities to achieve academic success and high quality of life," and to ensure compliance with the Head Start program. Mid Florida correctly asserts that but for the desire of VCS to provide Head Start ESE Blended Classrooms as part of its continuum of services to students with disabilities, Mid Florida would not be a part of these classrooms.

We therefore conclude that DCF erred in denying Mid Florida exemption from the child care facility licensing requirements for the five Head Start ESE Blended Classrooms subject to the VCS cooperative agreement.

REVERSED and REMANDED.

RAY, C.J., BILBREY, J.,[3] and SHARRIT, MICHAEL S., ASSOCIATE JUDGE, concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Jennifer C. Rey of The Hogan Law Firm, Brooksville, for Appellant.

Jane Almy-Loewinger, Assistant General Counsel, Department of Children and Families, Daytona, and Stefanie Camfield, Assistant

———————

[3] Judge Bilbrey was substituted for an original panel member in this proceeding after oral argument. He has viewed the digital recording of oral argument.

General Counsel, Department of Children and Families, Tallahassee, for Appellee.